IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES T. SULLIVAN, etc., et al. | ) | |
| | ) | No. 10 C 8069 |
| Plaintiffs, | ) | |
| | ) | Judge Amy J. St. Eve |
| v. | ) | |
| | ) | Magistrate Judge |
| ROSS MECHANICAL, INC., an Illinois corporation, | ) | Michael T. Mason |
| | ) | |
| Defendant. | ) | |

**MOTION FOR ENTRY OF JUDGMENT
AGAINST AUNDRE ROSS**

NOW COME Plaintiffs, JAMES T. SULLIVAN, etc., et al., by their attorneys, DOUGLAS A. LINDSAY, JOHN W. LOSEMAN, and BRIAN T. BEDINGHAUS, with ROETZEL & ANDRESS, LPA, of counsel, and move the Court for entry of Judgment in the amount of $53,408.68, against Judgment Debtor's sole shareholder and president, AUNDRE ROSS ("Ross"), in favor of Defendant, for the use and benefit of Plaintiffs, and for an Order directing Ross to turnover $53,408.68 in partial satisfaction of the Judgment entered against Defendant on February 17, 2011. In support hereto, Plaintiffs state:

**Introduction**

Aundre Ross is liable for using $5,736.07 of corporate funds to pay his personal expenses, and he is liable for receiving liquidating distributions of $47,672.61 without first paying Defendant's judgment debt to Plaintiffs. Plaintiffs request that judgment be entered against Ross in the total amount of $53,408.68, and that Ross be ordered to turnover that amount to Plaintiffs' attorneys to be applied toward Defendant's judgment.

**Background**

Plaintiffs filed this action on December 20, 2011, to enforce a labor arbitration award that dated August 16, 2010, in the amount of $90,693.30. Defendant was served with process, but he failed to appear and answer the Complaint. On February 17, 2011, the Court entered Judgment in favor of Plaintiffs and against Defendant in the amount of $122,200.32.

Defendant was served with a Citation to Discover Assets on March 15, 2011. The Citation requested production of documents and the appearance of Defendant's president, Ross, for examination regarding Defendant's assets. After two Rules to Show Cause and a Writ of Body Attachment were issued by the Court as a result of Ross' noncompliance with the Citation, Ross finally appeared for his Citation examination on December 19, 2011. Ross' examination testimony and Defendant's bank records reveal that Ross used corporate funds to pay his personal expenses and received shareholder distributions from corporate accounts, to the detriment of creditors, after the company closed its doors.

**Law**

Federal Rule of Civil Procedure 69(a)(1) provides that proceedings supplemental to and in aid of judgment must accord with the procedure of the state where the court is located. Section 2-1402(c)(3) of the Illinois Code of Civil Procedure provides:

> (c) When assets or income of the judgment debtor not exempt from the satisfaction of a judgment, a deduction order or garnishment are discovered, the court may, by appropriate order or judgment:
>
> > (3) Compel any person cited, other than the judgment debtor, to deliver up any assets so discovered, to be applied in satisfaction of the judgment, in whole or in part, when those assets are held under such circumstances that in an action by the judgment debtor he or she could recover them in specie or obtain a judgment for the proceeds or value thereof as for conversion or embezzlement. A

>judgment creditor may recover a corporate judgment debtor's property on behalf of the judgment debtor for use of the judgment creditor by filing an appropriate petition within the citation proceedings.

*See 735 ILCS 5/1402(c)(3)*. Section 2-1402 is not just a discovery tool; it authorizes courts to determine the rights of third parties who are holding assets of a judgment debtor. *Dexia Credit Local v. Rogan*, 629 F. 3d 621, 624 (7th Cir. 2010).

**Aundre Ross is indebted to Defendant for using corporate funds to pay personal expenses**

An individual who uses corporate funds to pay his or her personal expenses is indebted to the company for the same amount, and a corporate creditor may obtain a judgment against the individual for the amount of the debt. See *Bentley v. Glenn Shipley Enterprises, Inc.*, 248 Ill. App. 3d 647, 652-53 (1993).

Ross misappropriated $5,736.07 of Defendant's corporate funds to pay his personal expenses. Specifically:

(a) On February 22, 2010, Ross paid $3,806.24 electronically from Defendant's account to "COOK COUNTY PRPRTY TAX" and $1.00 to "PROPTY TAX PYMT PROC FEE." *See Bank Statements, Exhibit A, p. 68*. Ross testified that this was a payment to Cook County for his personal property tax on his residence. *See Citation Examination Transcript of Aundre Ross ("Cit. Tr."), p. 75-76, Exhibit B*.

(b) On March 15, 2010, Ross wrote check #1527 in the amount of $1,300.00, payable to his girlfriend, Stephanie Grant. *See Bank Statements, Exhibit A, p. 73*. Ross testified that this was his personal mortgage payment. *See Cit. Tr., p. 79, Exhibit B*.

(c) On August 4, 2010, Ross wrote check #1548 in the amount of $300.00, payable to Bridget VanMeans. *See Bank Statements, Exhibit A, p. 88*. Ross testified that Bridget

VanMeans was his wife and that the payment was personal. *See Cit. Tr., p. 82, Exhibit B.*

(d) On October 2, 2010, Ross made a purchase from "Halloween City" in the amount of $199.54. *See Bank Statements, Exhibit A, p. 32.* Ross testified that this was a personal transaction, likely for his daughter. *See Cit. Tr., p. 58-59, Exhibit B.*

(e) On December 4, 2010, Ross made a purchase from Keith's Power Equipment in the amount of $40.00. *See Bank Statements, Exhibit A, p. 37.* Ross testified that this was not a business transaction. *See Cit. Tr. p. 63, Exhibit B.*

(f) On January 18, 2011, Ross made a purchase from "CHRISTMAS MTN GOLF-SKI" in the amount of $89.29. *See Bank Statements, Exhibit A, p. 40.* Ross testified that this was a personal purchase in Wisconsin. *See Cit. Tr., p. 72, Exhibit B.*

Since 2010, Ross used $5,736.07 in Defendant's corporate funds to directly pay his personal expenses, and Ross is indebted to Defendant in that amount. Plaintiffs request, pursuant to 735 ILCS 5/2-1402(c)(3), that judgment be entered in the amount of $5,736.07 against Ross and in favor of Defendant, for the use and benefit of Plaintiffs, and that Ross be ordered to turnover $5,736.07 to Plaintiffs' attorneys in partial satisfaction of the Judgment entered on February 17, 2011.

**Aundre Ross is personally liable for receiving distributions of corporate asserts after the close of business without first paying Defendant's creditors**

It is a basic tenant of corporate law that "when the assets of a corporation are distributed to its shareholders leaving the corporate debts unpaid, liability of the shareholders to a creditor, to the extent of the value of the assets received, is beyond question." *Central States, Southeast and Southwest Areas Pension Fund v. Minneapolis Van & Warehouse Co.*, 764 F. Supp. 1289, 1294 (N.D.Ill. 1991) (citing *Snyder v. State-wide Properties, Inc.*, 2325 F. Supp. 733, 742

(N.D.Ill. 1964)). "Any such distribution of assets is deemed a fraud on creditors." *Id*. (citing Fletcher, *Cyclopedia Corporations* § 7417 (1990)).

Ross closed the Defendant's business on October 1, 2010. *See Cit. Tr., pp. 9, 12, 56, 81, Exhibit B*. After that date, Ross authorized and received $47,672.61 in cash distributions from Defendant without reserving any assets that could be used to pay Defendant's debt to Plaintiffs. In particular, Ross made the following cash withdrawals:

(a) On October 22, 2010, Ross made a $1,500.00 cash withdrawal from Defendant's account. *See Bank Statements, Exhibit A, p. 32*.

(b) On October 26, 2010, Ross wrote a check for $200.00 payable to "Cash." *See Bank Statements, Exhibit A, p. 33*.

(c) On November 19, 2010, Ross made a $200.00 cash withdrawal. *See Bank Statements, Exhibit A, p. 35*.

(d) On November 23, 2010, Ross made a $750.00 cash withdrawal. *See Bank Statements, Exhibit A, p. 35*.

(e) On December 8, 2010, Ross made a $38,000.00 withdrawal. *See Bank Statements, Exhibit A, p. 37*. Ross claimed the $38,000.00 was given to his girlfriend, Stephanie Grant, as repayment of a loan that Grant had given him to keep the business open. *See Cit. Tr., p. 63-64, Exhibit B*. When asked when Grant's loan was deposited into the Defendant's bank account, Ross stated that it was the October 1, 2010 deposit (of $36,536.67). *See Cit. Tr., p. 64-65, Exhibit B*. Plaintiffs requested a copy of the check or deposited item representing Grant's loan to Defendant. *See Cit. Tr., p. 66, 83, Exhibit B; see also Letter to Ross dated December 19, 2011, Exhibit C*. Ross never produced the check.

(f) Also on December 8, 2010, Ross made a $700.00 cash withdrawal. *See Bank*

*Statements, Exhibit A, p. 37*.

(g) On December 17, 2010, Ross made a $500.00 cash withdrawal. *See Bank Statements, Exhibit A, p. 38*.

(h) On February 28, 2011, Ross cashed out Defendant's Certificate of Deposit at Bank Financial in the amount of $5,822.61. *See Exhibit D; See Cit. Tr., p. 27-29, Exhibit B*.

In total, Ross made $47,672.61 in cash withdrawals from the Defendant's accounts after he closed Defendant's business on October 1, 2010. None of the distributions are regular compensation. Ross testified that his last paycheck was dated October 11, 2009, and he received no other compensation after that. *See Cit. Tr., p. 16, Exhibit B*.

The distributions taken by Ross after the date that Defendant closed its doors are a fraud on Defendant's creditors, including Plaintiffs. *Central States*, 764 F. Supp. at 1294. Ross is liable to Plaintiffs to the extent of the liquidating distributions he received, which is $47,672.61. *Id*. at 1295.

WHEREFORE, Plaintiffs, JAMES T. SULLIVAN, etc., et al., request that the Court enter an Order:

(a) granting Judgment against AUNDRE ROSS, and in favor of Defendant, ROSS MECHANICAL, INC., for the use and benefit of Plaintiffs, JAMES T. SULLIVAN, etc., et al., in the amount of $53,408.68;

(b) directing AUNDRE ROSS to turnover $53,408.68 to the attorneys for Plaintiffs in partial satisfaction of the Judgment entered against ROSS MECHANICAL, INC., on February 17, 2011;

   (c) awarding additional relief in favor of Plaintiffs as the Court deems appropriate.

                JAMES T. SULLIVAN, etc., et al., by their attorneys, DOUGLAS A. LINDSAY, JOHN W. LOSEMAN, and BRIAN T. BEDINGHAUS

                By: <u>/s/ Brian T. Bedinghaus</u>
                  Brian T. Bedinghaus
                  ROETZEL & ANDRESS
                  20 North Clark Street
                  Suite 3200
                  Chicago, IL 60602
                  312.580.1269

Of Counsel:
ROETZEL & ANDRESS
20 North Clark Street
Suite 3200
Chicago, IL 60602
312.580.1200

## CERTIFICATE OF SERVICE

    I served a copy of the foregoing Response to Motion for Entry of Judgment Against Aundre Ross upon:

| | |
|---|---|
| Aundre Ross | Ross Mechanical, Inc. |
| 359 Osage Street | c/o Aundre Ross, president |
| Park Forest, IL 60466 | 359 Osage Street |
| | Park Forest, IL 60466 |

by placing true and correct copies thereof in sealed envelopes addressed as aforesaid, with postage prepaid, and depositing same in the United States Mail Box at 20 North Clark Street, Chicago, Illinois on February 22, 2012, before 4:30 p.m.

    In accordance with 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 22, 2012

/s/ Karina Beecher
KARINA BEECHER

ROETZEL & ANDRESS
20 N. Clark St.
Suite 3200
Chicago, IL 60602
312-580-1200