# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 8069 | **DATE** | 6/15/2012 |
| **CASE TITLE** | Sullivan et al vs. Ross Mechanical, Inc. | | |

**DOCKET ENTRY TEXT**

The Court grants Plaintiffs' motion for turnover against Aundre Ross [43] in the amount of $12,758.68. The Court takes the remainder of the turnover request, as well as Mr. Ross' request for setoff, under advisement pending an evidentiary hearing set for 7/25/12 at 1:30 p.m. The parties shall file a joint witness and exhibit list by 7/10/12. With regard to setoff, Mr. Ross shall file a statement of claim by 6/22/12. Plaintiffs shall respond by 6/29/12. Plaintiffs' request for the entry of judgment against Mr. Ross is denied without prejudice. The turnover order against Mr. Ross in the amount of $12,758.68 is stayed pending resolution of the issues at the evidentiary hearing.

■[ For further details see text below.]

Notices mailed by Judicial staff.

# STATEMENT

In this supplementary proceeding, certain labor organizations ("Plaintiffs") move for turnover against third party Aundre Ross in the amount of $53,408.68.[1] (R. 43.) Mr. Ross is the former president and sole owner of Defendant Ross Mechanical, Inc. ("Defendant"), an Illinois company that ceased doing business in October of 2010. (*Id.* at 7; R. 55, Ex. A, Declaration of Aundre Ross ("Ross Decl.") ¶ 2).)

As discussed below, the motion is granted in part, and taken under advisement in part. The Court will conduct an evidentiary hearing on **July 25, 2012 at 1:30 p.m.** consistent with the discussion below. The parties shall comply with the filing deadlines herein.

Continued...

Courtroom Deputy Initials: KF

---

[1]Plaintiffs also seek the entry of judgment against Mr. Ross, but given the absence of any prior turnover order against Mr. Ross, Plaintiffs' request for the entry of judgment is premature. *See Star Ins. Co. v. Risk Marketing Group Inc.*, 561 F.3d 656, 660-61 (7th Cir. 2009) (holding that district court did not err in entering judgment against third-party as a sanction for failure to comply with a previous turnover order). Accordingly, Plaintiffs' request for the entry of judgment against Mr. Ross is denied without prejudice.

## BACKGROUND

On December 29, 2010, Plaintiffs commenced this action against Defendant to enforce a labor arbitration award of $90,693.30 plus interest and fees. (R. 1, Compl. ¶¶ 12-17.) On February 17, 2011, the Court entered a default judgment against Defendant in the amount of $122,370.32. (R. 16.)

On March 7, 2011, Plaintiffs filed a Citation to Discover Assets as to Defendant. (R. 18.) The Citation requested production of certain documents as well as the personal appearance of Mr. Ross for an examination regarding Defendant's assets. Following two Orders to Show Cause and the issuance of a writ of body attachment (R. 23, 28, 32), Mr. Ross appeared for a citation examination on December 19, 2011. (R. 43, Pls.' Mem. at 2.) According to Plaintiffs, the citation examination of Mr. Ross and a review of Defendant's bank records revealed that Mr. Ross holds assets of Defendant that should be applied to the judgment in this case. (*Id.*)

Plaintiffs filed the present motion for turnover on February 22, 2012. (*Id.*) In support of their motion, Plaintiffs have proffered bank records and the transcript of the citation examination of Mr. Ross. (*Id.*, Exs. A & B.) Mr. Ross, through counsel, responded to the motion on May 15, 2012, and attached thereto a personal declaration dated May of 2012. (R. 55, Ross Resp. & Ex. A.) Plaintiffs filed a reply on May 29, 2012. (R. 56, Pls.' Reply.)

## LEGAL STANDARD

The parties agree that Illinois law governs this supplementary proceeding. *See* Fed. R. Civ. P. 69(a) ("proceedings supplementary to and in aid of judgment or execution must accord with the procedure of the state where the court is located"); *Star Ins. Co. v. Risk Marketing Group Inc.*, 561 F.3d 656, 661 (7th Cir. 2009); *Lorillard Tobacco Co. v. Canstar (U.S.A.) Inc.*, No. 03 C 4769, 2006 WL 1444895, at *1 (N.D. Ill. May 16, 2006) ("A supplementary proceeding is a post-judgment process designed to assist the judgment creditor in discovering assets to satisfy the judgment.") (citing *Kennedy v. Four Boys Labor Serv., Inc.*, 279 Ill. App. 3d 361, 216 Ill. Dec. 160, 664 N.E.2d 1088, 1091 (Ill. Ct. App. 1996) and *City of Chicago v. Air Auto Leasing Co.*, 297 Ill. App. 3d 873, 232 Ill. Dec. 46, 697 N.E.2d 788 (Ill. Ct. App. 1998)).

Under Section 2-1402(a) of the Illinois Code of Civil Procedure, a "judgment creditor . . . is entitled to prosecute supplementary proceedings for the purposes of examining the judgment debtor or any other person to discover [non-exempt] assets or income of the debtor . . . , and of compelling the application of non-exempt assets or income discovered toward the payment of the amount due under the judgment." 735 ILCS § 5/2-1402(a).

Once the judgment creditor discovers non-exempt assets of the debtor, Section 2-1402(c) provides that "the court may, by appropriate order or judgment":

> (1) Compel the judgment debtor to deliver up, to be applied in satisfaction of the judgment, in whole or in part, money, choses in action, property or effects in his or her possession or control, so discovered, capable of delivery and to which his or her title or right of possession is not substantially disputed.
>
> (2) Compel the judgment debtor to pay to the judgment creditor or apply on the judgment, in installments, a portion of his or her income . . . .
>
> (3) Compel any person cited, other than the judgment debtor, to deliver up any assets so discovered, to be applied in satisfaction of the judgment, in whole or in part, when those assets are held under such circumstances that in an action by the judgment debtor he or she could recover them in specie or obtain a judgment for the proceeds or value thereof as for conversion or embezzlement. A judgment creditor may recover a corporate judgment debtor's property on behalf of the judgment debtor for use of the judgment creditor by filing an appropriate petition

within the citation proceedings.

(4) Enter any order upon or judgment against the person cited that could be entered in any garnishment proceeding.

(5) Compel any person cited to execute an assignment of any chose in action or a conveyance of title to real or personal property or resign memberships in exchanges, clubs, or other entities in the same manner and to the same extent as a court could do in any proceeding by a judgment creditor to enforce payment of a judgment or in aid of the enforcement of a judgment.

(6) Authorize the judgment creditor to maintain an action against any person or corporation that, it appears upon proof satisfactory to the court, is indebted to the judgment debtor, for the recovery of the debt, forbid the transfer or other disposition of the debt until an action can be commenced and prosecuted to judgment, direct that the papers or proof in the possession or control of the debtor and necessary in the prosecution of the action be delivered to the creditor or impounded in court, and provide for the disposition of any moneys in excess of the sum required to pay the judgment creditor's judgment and costs allowed by the court.

735 ILCS §§ 5/2-1402(c)(1)-(6); *see also Air Auto Leasing Co.*, 297 Ill. App. 3d at 878 ("Section 2-1402 is to be construed liberally, not only providing for the discovery of a debtor's assets and income, but also vesting the courts with broad powers to compel the application of discovered assets or income to satisfy a judgment").

In a supplemental proceeding against a third party, the relevant inquiry is "whether [the] third party is holding assets of the judgment debtor that should be applied to satisfy the judgment." *Schak v. Blom,* 334 Ill. App. 3d 129, 133, 267 Ill. Dec. 832, 777 N.E.2d 635 (Ill. Ct. App. 2002); *see also Star Ins.*, 561 F.3d at 660-61 (district court properly ordered return of fraudulently transferred assets); *Dexia Credit Local v. Rogan*, 602 F.3d 879, 885 (7th Cir. 2010) (stating that under Illinois law, "one need not be a party" to the underlying action to be subject to the court's authority in proceedings to execute judgment). The judgment creditor has the burden to make such a showing. *See Sullivan v. Alpine Irrigation. Co.*, No. 09 C 2329, 2011 WL 1575617, at *4 (N.D. Ill. Apr. 25, 2011) (citing state cases); *Rockford Fin. Sys., Inc. v. Borgetti*, 403 Ill. App. 3d 321, 342 Ill. Dec. 691, 932 N.E.2d 1152 (Ill. Ct. App. 2010) ("The provisions of section 2-1402 are to be liberally construed, and the burden lies with the petitioner to show that the citation respondent possesses assets belonging to the judgment creditor."). *Cf. Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1227 (7th Cir. 1993) (observing that district courts have extremely broad discretion over the manner of proceeding in supplementary proceedings).

## ANALYSIS

In this case, Plaintiffs seek turnover against Mr. Ross, arguing that he holds assets of or is indebted to Defendant in the amount of $53,408.68. (R. 43, Pls.' Mem. at 1.) According to Plaintiffs, Mr. Ross (1) misappropriated $5,736.07 of Defendant's "corporate funds to pay his personal expenses," and (2) received $47,672.61 from Defendant in the form of "liquidating distributions . . . without first paying Defendant's judgment debt to Plaintiffs." (*Id.*) Plaintiffs proffer evidence of fourteen financial transactions, which, they contend, prove their allegations, particularly when considered in light of Mr. Ross' testimony at the citation examination:

| Transaction | Date | Amount | Description |
|---|---|---|---|
| No. 1 | 2/22/10 | $3,806.24 | personal property tax payment |
| No. 2 | 3/15/10 | $1,300.00 | personal mortgage payment |

| No. 3 | 8/4/10 | $300.00 | personal payment to wife |
|---|---|---|---|
| No. 4 | 10/2/10 | $199.54 | personal transaction |
| No. 5 | 10/22/10 | $1,500.00 | cash withdrawal |
| No. 6 | 10/26/10 | $200.00 | check made out to "cash" |
| No. 7 | 11/19/10 | $200.00 | cash withdrawal |
| No. 8 | 11/23/10 | $750.00 | cash withdrawal |
| No. 9 | 12/4/10 | $40.00 | personal purchase |
| No. 10 | 12/8/10 | $38,000.00 | cash withdrawal |
| No. 11 | 12/8/10 | $700.00 | cash withdrawal |
| No. 12 | 12/17/10 | $500.00 | cash withdrawal |
| No. 13 | 1/18/11 | $89.29 | personal purchase |
| No. 14 | 2/28/11 | $5,822.61 | liquidation of certificate of deposit |

## I.  Transaction Nos. 1, 2, 3, 4, 9, 11, 12, 13, and 14

Plaintiffs seek turnover of $12,758.68 against Mr. Ross, as reflected in Transaction Nos. 1, 2, 3, 4, 9, 11, 12, 13, and 14. According to Plaintiffs, Transaction Nos. 1, 2, 3, 4, 9 and 13 relate to Mr. Ross' misappropriation of Defendant's assets for personal purchases and payments, and that Transaction Nos. 11, 12 and 14 relate to Mr. Ross' improper receipt of corporate distributions from Defendant that should have been applied to the underlying judgment. (*See* R. 43, Pls.' Mem. at 3-6.) Plaintiffs have offered competent evidence to support these allegations. (*See id.* (citing *id.*, Ex. A at 32, 37, 40, 68, 73, 89 (bank records), Ex. B at 58-59, 63, 72, 75-76, 79, 82 (transcript of citation examination).) In his response, Mr. Ross neither objects to turnover of nor otherwise discusses the amounts reflected in Transaction Nos. 1, 2, 3, 4, 9, 11, 12, 13, and 14.

Under these circumstances, Plaintiffs have met their burden to show that Mr. Ross is holding $12,758.68 "that . . . the judgment debtor . . . could recover them in specie or obtain a judgment for the proceeds or value thereof as for conversion or embezzlement." 735 ILCS §§ 5/2-1402(c)(3); *see also West Bend Mut. Ins. Co. v. Belmont State Corp.*, No. 09 C 354, 2010 WL 3700834, at *5 (N.D. Ill. Sept. 9, 2010) (holding that a judgment creditor under Illinois law may recover assets of the judgment debtor that a third party misappropriated, even where the third party does not possess the funds, because the third party is "indebted to the judgment debtor") (citing *Bentley v. Glenn Shipley Enters., Inc.*, 248 Ill. App. 3d 647, 651, 189 Ill. Dec. 115, 118-19, 619 N.E.2d 816 (Ill. Ct. App. 1993) (holding that judgment creditor may recover from a third party amounts that the judgment debtor paid on behalf of the third party to others).

Accordingly, the Court grants Plaintiffs' motion for turnover against Mr. Ross in the amount of $12,758.68. *See* 735 ILCS § 5/2-1402(c)(3).

## II.  Transaction Nos. 5, 6, 7 and 8

Plaintiffs next seek turnover of $2,700 against Mr. Ross. Plaintiffs allege that, as reflected in Transaction Nos. 5, 6, 7 and 8, Mr. Ross received $2,700 in corporate distributions from Defendant following the cessation of Defendant's business operations, but before Defendant paid its creditors, including Plaintiffs. (R. 43, Pls.' Mem. at 5 (citing *id.*, Ex. A at 32-35 (bank statements), Ex. B at 9, 12, 56, 81 (transcript of citation examination).) Mr. Ross responds that "[a]ll of these withdrawals were for expenses involved in closing" the business, including hiring day laborers and paying "additional expenses." (*Id.* at 5 (citing Ross Decl. ¶ 4).) Plaintiffs rejoin that Mr.

Ross had previously testified that he lacks any knowledge "of the purpose of those payments." (R. 56, Pls.' Rep. at 7 (citing *Unterreiner v. Volkswagen of Am., Inc.*, 8 F.3d 1206, 1211 (7th Cir. 1993).) Although Mr. Ross' prior testimony may cast doubt on his credibility, there remains a question of fact over the nature of the payments reflected in Transaction Nos. 5, 6, 7 and 8.

The Court will conduct an evidentiary hearing at which the parties may present evidence on the question of whether each of the amounts reflected in Transaction Nos. 5, 6, 7 and 8 constitute (1) "corporate distributions" to Mr. Ross; or (2) "expenses involved in closing" the business. *See Pro-Line Corp. v. Midwest Hair Goods Co.*, 600 F. Supp. 770, 772 (N.D. Ill. 1985) (ordering evidentiary hearing in supplemental proceeding, given the existence of factual dispute).

### III.  Transaction No. 10

Plaintiffs allege that on December 8, 2010, as reflected in Transaction No. 10, Mr. Ross withdrew $38,000 from Defendant's bank account as a distribution after the business ceased operations. (R. 43, Pls.' Mem. at 5 (citing *id.*, Ex. A at 37).) Mr. Ross claims in response, as he did during the citation examination, that he withdrew the money "to repay a friend, Stephanie Grant, for a business loan" to "help keep [the business] open." (R. 55, Ross Resp. at 4 (internal record citations omitted).) Thus, according to Mr. Ross, the $38,000.00 satisfied a debt "owed by the business." (*Id.*) As with the amounts discussed above, the nature of the $38,000.00 withdrawal presents questions of fact that the Court cannot resolve on the current record.

The Court will conduct an evidentiary hearing at which the parties may present evidence on the question of whether the $38,000.00 reflected in Transaction No. 10 reflects (1) repayment of a business loan to Defendant; or (2) a corporate distribution after the cessation of Defendant's business. *See Pro-Line Corp.*, 600 F. Supp. at 772.

### IV.  Entitlement to Set-Off

Mr. Ross raises an additional issue in his response: that he is entitled to a set-off, from any turnover award, of $12,000.00 that "he paid out of pocked for" Defendant's rent during 2009. (R. 55, Defs.' Resp. at 4.) Mr. Ross offers no evidence that he paid Defendant's rent for twelve months, nor does he elude to the existence of any such evidence. Moreover, even if Mr. Ross used personal funds to pay Defendant's rent, Mr. Ross has cited no legal authority whatsoever that entitles him to a preferential set-off from a turnover order under these circumstances.

Nonetheless, the Court observes that 735 ILCS § 5/2-1402(g), relating to supplemental proceedings, provides that:

> If it appears that any [discovered asset of the judgment debtor] is claimed by any person, the court shall, as in garnishment proceedings, permit or require the claimant to appear and maintain his or her right. The rights of the person cited and the rights of any adverse claimant shall be asserted and determined pursuant to the law relating to garnishment proceedings.

*Id.*; *see also Chicago Dist. Council of Carpenters Pension Fund v. Tessio Const. Co.*, 2003 WL 21312664, at *4 (N.D. Ill. June 3, 2003); *Bloink v. Olson*, 265 Ill. App. 3d 711, 717, 202 Ill. Dec. 760, 638 N.E.2d 406 (Ill. Ct. App. 1994) ("Section 2-1402([g]) contemplates that such a third party be given a full opportunity to present and maintain his claim.") (citing *Garvey v. Parrish* 84 Ill. App. 3d 578, 40 Ill. Dec. 13, 405 N.E.2d 1105 (Ill. Ct. App. 1980).

Here, in the interest of justice, the Court will grant Mr. Ross leave to file a written statement of his claim for $12,000, consistent with the applicable procedures under Illinois law. *See O'Connell v. Pharmaco, Inc.*, 143 Ill. App. 3d 1061, 1069, 98 Ill. Dec. 154, 493 N.E.2d 1175 (Ill. Ct. App. 1986) (stating, in the context of supplementary proceedings, that the "procedures contemplate that any third party claiming an interest in the

subject property must be given a full opportunity to present and maintain his claim"). By June 22, 2012, Mr. Ross shall file his statement of claim, with appropriate legal and evidentiary support, not to exceed 10 pages, excluding exhibits. Plaintiffs shall respond by June 29, 2012, not to exceed 10 pages, excluding exhibits. Mr. Ross may thereafter present evidence in support of his claim at the evidentiary hearing.

## CONCLUSION

The Court grants Plaintiffs' motion for turnover against Mr. Ross in the amount of $12,758.68. The Court takes the remainder of the motion, as well as Mr. Ross' request for setoff, under advisement pending an evidentiary hearing on **July 25, 2012 at 1:30 p.m.**, during which the parties may present evidence consistent with the discussion herein.

Mr. Ross shall file his statement of claim by **June 22, 2012**. Plaintiffs shall respond by **June 29, 2012.**

The parties shall file a joint witness and exhibit list by **July 10, 2012.**

The turnover order against Mr. Ross in the amount of $12,758.68 is stayed pending resolution of the issues at the evidentiary hearing.